UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO CASILLAS ESTRADA (A-076-652-297), Petitioner, v. ORESTES CRUZ, et al., Respondents. | No. 1:26-cv-5933 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Rigoberto Casillas Estrada (A-076-652-297), a native of Mexico who is proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends the petition for a writ of habeas corpus be granted on claim two, but because petitioner was granted a post-deprivation hearing, no further relief is warranted on claim two. Petitioner should be granted leave to file an amended petition because it appears that petitioner is attempting to raise a new claim in his reply.

## I. BACKGROUND

Petitioner last entered the United States on or about 2002 without inspection. (ECF No. 1

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

at 1.) Petitioner is married and has three children who are United States citizens. (Id.) While driving to work, law enforcement officers activated their emergency lights, and plaintiff pulled into a gas station. The officers were identified as Immigration and Customs Enforcement ("ICE") agents, and after questioning, they arrested and detained petitioner on June 17, 2026. (Id. at 3.) Petitioner was subsequently provided a bond hearing where the immigration judge found petitioner failed to show he does not pose a flight risk. (ECF No. 9 at 3.) Respondents do not contest petitioner's factual allegations. (See ECF No. 8.)

On July 28, 2026, petitioner filed his verified petition for writ of habeas corpus.[2] (ECF No. 1.) On August 6, 2026, respondents timely filed an answer. (ECF No. 8.) On August 18, 2026, petitioner filed a reply. (ECF No. 9.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the violation of the following: (1) the Fifth Amendment due process clause; (2) the Immigration and Nationality Act ("INA"); (3) bond regulations, 8 C.F.R. §§ 236.1, 1236.1 and 1003.19; and (4) the final judgment in Maldonado Bautista v. Noem, No. 5:25-cv-1873 SSS BFM (C.D. Cal. Dec. 18, 2025). In claim two, petitioner also alleges he is a class member in the class action Guerrero-Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. Dec. 19, 2025), aff'd, No. 25-2152, 2026 WL 2352042 (1st Cir. Aug. 13, 2026). (ECF No. 1 at 6.) Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead maintain petitioner's detention was mandatory under 8 U.S.C. § 1225(b)(2)(A), referring to their ongoing position that petitioners arrested within the United States are "applicants for admission." (ECF No. 8 at 1.) Although respondents provided a copy of petitioner's RAP sheet (ECF No. 8-3),[3] respondents do not contend that petitioner has a criminal history. (See ECF No. 8.)

Respondents acknowledge that based on the recent decision in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), petitioner "is entitled to seek a custody redetermination hearing before an immigration judge." (Id. at 1.) The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[4] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the INA and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226.

---

[3] The RAP sheet reflects one conviction for misdemeanor DUI on May 23, 2002, and a May 24, 2024 conviction for misdemeanor attempt to commit "Unl Poss Dangerous Drug." (ECF No. 8-3 at 7.) Petitioner was discharged from probation on June 12, 2006. (Id. at 8.)

[4] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails, and the petition should be granted on claim two. However, since the petition was filed, petitioner was granted a post-deprivation bond hearing by an immigration judge who denied bond based on his finding that petitioner posed a flight risk. (ECF No. 9 at 3.) In light of that post-deprivation hearing, which is the relief the Court would have recommended, no further relief is warranted. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193-94 (9th Cir. 2022). In addition, petitioner may request a custody re-determination (bond hearing) pursuant to section 1226(a), which provides "the right to seek a new hearing when circumstances materially change." Rodriguez Diaz, 53 F.4th at 1196.

///

## IV. PETITIONER'S REMAINING CLAIMS

In the petition, petitioner raises three other claims (claims one, three and four). (ECF No. 1 at 5-7.) Because the Court recommends granting the petition on the statutory claim (claim two), the Court need not address any additional claim (claims one, three and four) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."); see also Herredia Gurrola v. Cruz, 2026 WL 494478, at *6 (E.D. Cal. Feb. 23, 2026) (declining to decide Maldonado Bautista claim and addressing statutory claim); see also De La Paz Salazar v. Noem, 2026 WL 496956, at *5 (E.D. Cal. Feb. 23, 2026) (noting that "the court in Maldonado Bautista explicitly clarified that it could not issue injunctive relief to class members ordering their immediate release or entitlement to a bond hearing"). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim two.

## V. NEW CLAIM IN REPLY

In his reply, petitioner alleges that during the post deprivation hearing, the immigration judge made constitutional errors that require the Court to grant the petition. (ECF No. 9 at 3.) However, no such allegation is included in the petition. Petitioner may not raise a new claim in a reply brief. To the extent petitioner is attempting to belatedly raise new claims in the traverse, relief should be denied. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief").

However, because it appears petitioner may wish to bring a new claim, this Court recommends that petitioner be granted leave to amend to file an amended petition. Petitioner will be granted fourteen days from the date of the adoption of these findings and recommendations to

file an amended petition. In response to the amended petition, respondents are directed to file an answer or motion to dismiss within 7 days from the date the amended petition is filed. Petitioner's reply/traverse to an answer or opposition to a motion to dismiss the amended petition, if any, is due within 7 days after being served with a copy of respondents' answer or motion to dismiss. A reply by respondents to an opposition to a motion to dismiss is due within 7 days after being served with the opposition.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on claim two, but because petitioner was provided a post deprivation hearing, no further relief is warranted on claim two. Petitioner should be granted leave to file an amended petition.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on claim two.
2. Petitioner be granted leave to file an amended petition. Petitioner be granted fourteen days from the date of the adoption of these findings and recommendations to file an amended petition. In response to the amended petition, respondents be directed to file an answer or motion to dismiss within 7 days from the date the amended petition is filed. Petitioner's reply/traverse to an answer or opposition to a motion to dismiss the amended petition, if any, is due within 7 days after being served with a copy of respondents' answer or motion to dismiss. A reply by respondents to an opposition to a motion to dismiss shall be due within 7 days after being served with the opposition.
3. If petitioner files an amended petition, the amended petition will supersede the original petition. If petitioner does not file an amended petition within fourteen days from the date of the adoption of these findings and recommendations, the Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/20/26

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/casi5933.157.2241.imm.lta