UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO CASILLAS E.,[1]<br>Petitioner,<br>v.<br>ORESTES CRUZ, et al.,<br>Respondents. | No. 1:26-cv-5933-TLN-CSK<br>A# 076-652-297<br><br>**RELEASE ORDER** |

Petitioner, an immigration detainee proceeding through counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) Respondents filed objections to the findings and recommendations, objecting for the reasons stated in their reply to the Petition. (ECF No. 11 (citing ECF No. 8).)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. However, the Court finds the appropriate relief is Petitioner's immediate release from custody, in contrast to the magistrate judge's recommendation that no further relief is warranted. (*See* ECF No. 10 at 4.)

"Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]"). This Court has routinely ordered the release of individuals detained in violation of the Immigration and Nationality Act ("INA"). *See*, *e.g.*, *Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *2–3 (E.D. Cal. Apr. 16, 2026) (ordering release where petitioner's detention violated the INA); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (same); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (same).

As the magistrate judge correctly found, Petitioner's civil immigration detention violates the INA. (ECF No. 10 at 3–4.) Petitioner's detention is governed by 8 U.S.C. § 1226(a) ("§ 1226(a)"), and he is not, as Respondents contend, subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*) The record indicates Respondents failed to comply with the requirements of § 1226(a), which include, for example, only arresting and detaining Petitioner pursuant to a warrant. *See Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." (emphasis in original)); (*see generally* ECF Nos. 1, 8, 9, 11.)

Based on the statutory violation here, immediate release is the appropriate remedy.

Respondents do not challenge the relief Petitioner seeks, nor do they argue Petitioner's detention is justified by reason of danger to the community or flight risk. (*See* ECF Nos. 8, 11.) That Petitioner received a post-deprivation bond hearing at some point during his unlawful detention does not cure the violations present since its inception.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are ADOPTED IN PART.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents must IMMEDIATELY RELEASE Petitioner Rigoberto Casillas E. (A# 076-652-297) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents show by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. **The Clerk of Court is directed to serve Central Valley Annex with a copy of this Order**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: September 2, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

[2] The only indication Petitioner received a post-deprivation bond hearing comes from a statement in his reply that "Petitioner was denied at his bond hearing because he allegedly did not meet the burden to show he does not pose a flight risk." (ECF No. 9 at 3.) The record contains no documentation of this decision or other evidence showing if or when the hearing occurred.